UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| SHIREEN WRIGLEY, | NO. CIV. 2:10-703 WBS EFB |
|     Plaintiff, | |
|     v. | ORDER |
| NORMA AQUAVIVA, in her personal capacity; DOROTHY SWINGLE, in her personal capacity; STAN ARMASKUS, in his personal capacity; MICHAEL D. MCDONALD, in his personal capacity; JOHN NEPOMECENO, in his personal capacity; ANTHONY R. THOMPSON, in his personal capacity; the CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, and DOES 1-20, | |
|     Defendants. | |

----oo0oo----

    Because oral argument will not be of assistance to the court in ruling on defendants' motion to dismiss and motion to strike, the hearing date of August 30, 2010 is VACATED pursuant

1

to Local Rule 230(g) and the court will take the motions under submission without oral argument.

Federal Rule of Civil Procedure 15(a) provides that plaintiffs may amend their complaint once as a matter of course within twenty-one days of, <u>inter alia</u>, the service of a Rule 12(b) motion by the defendant. Fed. R. Civ. P. 15(a)(1). In all other circumstances, the plaintiff must receive the opposing party's written consent or leave of the court before amending his complaint. Fed. R. Civ. P. 15(a)(2). Courts evaluating a motion for leave to amend "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

Plaintiff Shireen Wrigley filed this action on March 24, 2010 against defendants Norma Aquaviva, Dorothy Swingle, Stan Armaskus, Michael D. McDonald, John Nepomeceno, Anthony R. Thompson, and the California Department of Corrections and Rehabilitation ("CDCR"). (Docket No. 1.) Defendants move to dismiss plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and 12(b)(6) for failure to state a claim upon which relief can be granted, and move to strike plaintiff's cause of action for defamation pursuant to California Code of Civil Procedure section 425.16. (Docket Nos. 13-14.)

In her Opposition to defendants' motion to dismiss, plaintiff requests leave of the court to amend her Complaint pursuant to Rule 15 and submitted her proposed First Amended Complaint ("FAC") along with a declaration from Elisa W. Ungerman. (Opp'n to Mot. to Dismiss (Docket No. 21); Ungerman Decl. (Docket No. 22) Ex. A.) The proposed FAC no longer alleges

a cause of action under 42 U.S.C. § 1983 for violation of plaintiff's First Amendment right to free speech and adds additional factual support for her remaining claims.  At this early stage in the proceedings, any prejudice or delay to defendants is minimal.  The court will therefore grant plaintiff's motion for leave to amend her Complaint.

       IT IS THEREFORE ORDERED that plaintiff's request for leave to amend her Complaint be, and the same hereby is, GRANTED.

       IT IS FURTHER ORDERED that defendants' motion to dismiss and motion strike are DENIED.

       Plaintiff shall file her First Amended Complaint within ten days of the date of this Order.

DATED:  August 19, 2010

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE